UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

*Plaintiff,*

*vs.*

HASSAN CHOKR,

*Defendant.*

Case No.: 23-cr-20037
Hon.: Jonathan J.C. Grey

| AYAD LAW, PLLC | Assistant U.S. Attorney |
| --- | --- |
| Nabih H. Ayad (P59518) | Frances Lee Carlson |
| *Attorney for Defendant* | 211 W. Fort Street |
| 645 Griswold St., Ste 2202 | Suite 2001 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| P: 313.983.4600 | 313-226-9696 |
| F: 313.983.4665 | Frances.carlson@usdoj.gov |
| nabihayad@ayadlawpllc.com | |
| filing@ayadlawpllc.com | |

## **DEFENDANT'S SENTENCING MEMORANDUM**

NOW COMES, Defendant Hassan Chokr, by and through his attorneys at Ayad Law, PLLC and hereby states the following in support of his sentencing memorandum:

### **INTRODUCTION**

This case presents a defendant who, despite his mistakes, has never engaged in violence, never hurt another person, and poses no danger to the community. Hassan Chokr accepts responsibility for his conduct and stands before this Court remorseful, humbled, and committed to building a law-abiding future. A sentence

that recognizes these mitigating factors, while still addressing the offense, will best serve the purposes of sentencing. In an effort to promote judicial efficacy, Defendant chose not to take his case to trial and accepted a plea. Defendant is asking for a downward departure removing 3 points from the government's calculation as to the specific offense characteristics that state that Defendant possessed the firearms in connection with another felony, as elaborated on below, the attempted charge has been dismissed, therefore it is unjust to consider a charge that has not been plead to or found guilty of in calculating the guideline range.

      Therefore, Defendant respectfully requests this honorable Court sentence him at the lower end of the sentencing guidelines, to time served. The government does not seek more than the midpoint range of the sentencing guidelines. An outstanding issue before the parties now, is the correct accurate time calculation that Defendant has been in BOP Custody. The defense has requested this calculation multiple times from the AUSA, the probation department, FCI Milan (a BOP entity), and this Court, but has not been provided with a calculation of Defendant's length of time in BOP custody. Yesterday, September 16, 2025, Defendant received from the AUSA a list of unspecified dates that appear to be dates that Defendant Chokr's was transported from one location to another by the BOP. What is certain is that Defendant has been in custody since December 4, 2022, to the present day.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P.: (313) 983-4600 | F: (313) 983-4665

## **HISTORY AND CHARACTERISTICS OF DEFENDANT**

Hassan Chokr is 38 years old. His parents divorced when he was young, and he has eight biological siblings. Defendant still has the love and support of his parents who he keeps regular contact by phone. Defendant has taken some college courses and prior to the pandemic operated his own mechanic and landscaping business earning approximately $7,500 per month. Defendant is a functioning adult that is able to contribute to society. While having a few minor charges in his criminal history, Mr. Chokr has never been a violent individual and has never hurt anyone.

Throughout his life, as early as age 15, Mr. Chokr has suffered from mental illness. During the pandemic, his mental health declined, and he suffered a mental break also exacerbated by the loss of his dog. After being found incompetent due to his mental health issues, after treatment, Defendant is now competent, currently taking his medication as prescribed and intends to do so to remain competent.

In December of 2022, Defendant Hassan Chokr, in act of protest and publicity for social media, filmed himself driving around at the Temple Beth El Synagogue parking lot criticizing the state of Israel and its politics to the people walking in by making such statements as "How dare you support the state of Israel, it is a damned state." Defendant was not criticizing the Jewish faith or Jewish people; he was only voicing his opinion on the State of Israel and its policies. Defendant was exercising his first amendment rights, by criticizing the state of Israel and its policies, not the

Jewish faith or people, (something that the majority of the world is also doing) and was not threatening any individual.

Defendant, whose social media handle was "freedomfighter" intended to only voice his displeasure against the Israeli government and post his protest on social media for people to see. He was only expressing his views and exercising his first amendment rights. He was not violent in any way, nor did he attempt to touch or hurt anyone. He only spoke from the inside of his vehicle without getting too close to any individual. Mr. Chokr was completely unaware that on that morning there were going to be children present at the synagogue for preschool.

When he was pulled over, officers asked him what he was going to do next, Mr. Chokr stated that he was going to the next synagogue to continue expressing his first amendment rights and protest and was let go to do so by police officers. He was not seeking out schools or people to hurt, only synagogues to protest at. People protest all the time at Churches and Mosques, under their first amendment rights.

Later on, Defendant went to a gun store, also solely for theatrical purposes and for social media attention in a stunt "attempt" to obtain a gun. Defendant knew he was not going to be allowed to have one because of his history and filmed the whole interaction at the gun store for social media purposes, all while stating that he was not going to be given a gun, and that he was going to be denied. Defendant never made any threats of violence or to hurt anyone.

It is clear, that at the time of his actions, Mr. Chokr was not in the right state of mind and lacked the mental capacity to commit a crime. Although he was loud and disruptive to people that day, he was not violent. Defendant has never been violent. Days prior he had just lost his dog, his closest companion, and he was struggling mentally in the wake of Covid and his declining business, his mental health went unaddressed. Now, however, Defendant is stable, clear, and intends to continue addressing and prioritizing his mental health.

## LEGAL STANDARD

Under 18 U.S.C. § 3553(a), the Court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the goals of sentencing, including punishment, deterrence, protection of the public, and rehabilitation. The Supreme Court has emphasized that the Guidelines are advisory, not mandatory, and that the Court must consider the full range of mitigating circumstances in tailoring an appropriate sentence. *United States v. Booker*, 543 U.S. 220 (2005).

## LAW AND ARGUMENT

I. **A 4-POINT ENHANCEMENT UNDER § 2K2.1(b)(6)(B), IS NOT WARRANTED BECAUSE NO OTHER FELONY OFFENSE WAS COMMITED.**

One of Defendant's main objections to the Presentence Investigation Report, was the offense level computation. At the specific offense characteristics, it states that defendant possessed the firearms in connection with another felony offense, under § 2K2.1(b)(6)(B), the false statement during the attempted acquisition of the firearm

thereby adding 4 points to the total offense level, providing a total offense level of 17.

This enhancement is improper and should not be applied because Defendant has not plead to nor been found guilty of that offense (the false statement). Additionally, that charge has been dismissed pursuant to Defendant's plea agreement. Defendant's plea agreement clearly stated that if defendant plead guilty to count one, felon in possession, the government would dismiss count two of the Indictment, False Statement During the Attempted Acquisition of a Firearm.

The Sixth Circuit Court of Appeals reviews a district court's sentence for procedural and substantive reasonableness, applying the abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). "Our review of procedural reasonableness includes determining whether the district court properly calculated a defendant's Guidelines range." *See id*.

In the specific context of the § 2K2.1(b)(6)(B) firearm enhancement, "we review the district court's factual findings for clear error and accord 'due deference' to the district court's determination that the firearm was used or possessed 'in connection with' the other felony, thus warranting the application of the . . . enhancement." *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011). *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014)

Under § 2K2.1(b)(6)(B), a 4-point enhancement—of an underlying offense—is warranted if Defendant "used or possessed any firearm or ammunition in

6 | Page

connection with another felony offense, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense" Here, Defendant was charged with possession for handling firearms and attempted possession for filling out a firearms application form, no other felony offense occurred. Defendant plead to the possession charge for handling firearms. The attempted possession charge for filling out the form is therefore a lesser included offense that has been dismissed, while the possession charge for handling the firearms **is the underlying felony**

Accordingly, the sentencing guidelines § 2K2.1(b)(6)(B) cannot be used to enhance Defendant's sentence because, by its own language, it only applies when a defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." *Id*.

The language in the sentencing guidelines is clear. For the enhancement to apply, Defendant would have had to "use or possess any firearm;" not '***attempted*** to use or possess' a firearm. And the "another felony offense" cannot, in this matter, refer to the 'attempted possession' felony, because that would mean that the underlying offense of possession (handling firearms) is being used to enhance itself. Stated differently, the § 2K2.1(b)(6)(B) enhancement applies to "possession or use" of a firearm. Here, the only possession or use of a firearm occurred in Count I.

7 | Page

Defendant pled to Count I and is being sentenced for it. Defendant's sentence for Count I cannot be enhanced by the very conduct which is an element of Count I. Understandably, this counsel has been able to find little caselaw discussing a single offense being used to enhance itself.

Defendant's situation is analogous to that in *United States v. McDonald*, in which the defendant pleaded guilty to theft and being a felon in possession of firearms in violation of 18 USC 922(g)(1). The *McDonald* court declined to add the 4-point enhancement because the two felonies were part of the same conduct; McDonald stole the firearms.

Additionally, in declining to apply a 4-point enhancement, the court stated:

> McDonald entered a pawn shop unarmed, stole firearms along with other items, and was captured shortly thereafter prior to perpetrating any subsequent felonies. There was no lapse of time or a distinction of conduct between the simultaneous offenses of the theft and the possession of the firearms. Consequently, the district court erred in its application of the four-level enhancement pursuant to USSG § 2K2.1(b)(5) under the circumstances of this case.
> *United States v. McDonald*, 165 F.3d 1032, 1036-37 (6th Cir. 1999)

Here, Defendant has only plead to being a felon in possession of a firearm in violation of 18 USC 922(g)(1) and the attempted possession charge has been dismissed. The possession and attempted possession came about from the same circumstance before "another felony" was committed.

The government cites to the case *United States v. Alvarado, 95 F.4th 1047 (6th Cir. 2024),* for the proposition that a sentence can be enhanced by conduct for

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

8 | Page

which a defendant was not charged or convicted. But that is a different issue entirely. In *Alverado*, the defendant's possession sentence was enhanced for his separate reckless use of a firearm; He possessed the firearm and kept it at his home. His possession was discovered when he recklessly endangered people by using the firearm.

It is important to not lose sight of the fact that Defendant did not have the mens rea for attempted possession of a firearm. Defendant can be seen, on a self-made video take just before he entered the gun store, to say that he would be denied the ability to purchase a firearm, Defendant knew he was not going to be leaving the gun store with a gun. The possession and the false statement on the form are merely coincidental and one was not required for the other when defendant was just looking at guns in a gun store. Defendant could have touched the guns in the store and then walked out. Removing the improper 4-point sentence enhancement, would place Defendant at a total offense level of 14 points.

## **CONCLUSION**

Therefore, Defendant is asking that the government's proposed enhancement is not applied, and his total offense level is 14 with a criminal history category of III as stated in the PSI. A total offense level of 14 and criminal history category of III would place Defendant in a guideline range of 21-27 months. Defendant has been in custody since December 4, 2022, over 33 months, about 6 months over the maximum of the guideline range, and is deserving of a sentence of time served.

9 | Page

WHEREFORE, for the reasons stated above, Defendant respectfully requests that this honorable Court sentence him to time served.

Respectfully submitted,

**AYAD LAW, PLLC**
<u>s/Nabih H. Ayad</u> (P59518)
*Attorney for Defendant*
645 Griswold St., Ste. 2202
Detroit, MI 48226
P: 313.983.4600 | F: 313.983.4665

September 17, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that on this date I filed the foregoing instrument, via EM/ECF giving notice to all parties of record.

                                                        Respectfully submitted,

                                                        **AYAD LAW, PLLC**

                                                        *s/Nabih H. Ayad* (P59518)
                                                        *Attorney for Defendant*
                                                         645 Griswold St., Ste. 2202
                                                        Detroit, MI 48226
                                                         P: 313.983.4600 | F: 313.983.4665

September 17, 2025